STEAGALL, Justice
(dissenting).
I must respectfully dissent. It is conceded by the majority that the letter of credit is deemed independent and separate from the underlying transaction. See Citronelle Unit Operators Committee v. AmSouth Bank, N.A., 536 So.2d 1387 (Ala.1988), and Benetton Services Corp. v. Benedot, Inc., 551 So.2d 295 (Ala.1989). The majority attempts to distinguish these eases by stating that where a customer (here, Barclay) sues a beneficiary (here, FABM), Ala.Code 1975, § 7-5-111, controls. The majority states that this Code section stands for the proposition that the beneficiary warrants to all interested parties that the letter of credit was properly due. I believe the majority’s reliance on this Code section is misplaced. The Code section does not state that the beneficiary warrants that the credit was properly due; rather, the Code section, in pertinent part, states:
“(1) Unless otherwise agreed the beneficiary by transferring or presenting a documentary draft or demand for payment warrants to all interested parties that the necessary conditions of the credit have been complied with. This is in *1208 addition to any warranties arising under articles 3, 4, 7 and 8.”
Here, it is uncontested that the conditions specified in the letter of credit were met; that is, the presentation by FABM to H & S of a sight draft and notification that Barclay was in default.
Because I believe that the letter of credit is independent of the underlying transaction, I would affirm the summary judgment in favor of FABM.